no title superior to that of an attaching creditor who is a resident of this State. (*Willitts* v. *Waite*, 25 N. Y. 577, which is approvingly cited in *Deschenes* v. *Tallman*, 248 id. 33, 38.) (See, also, *Kelly* v. *Crapo*, 45 N. Y. 86, 90.) *Martyne* v. *American Union Fire Ins. Co.* (216 N. Y. 183) involved a foreign corporation that had actually been dissolved, and the distinction is pointed out between that case and the *Willitts Case* (*supra*) and cognate cases by Judge Chase, writing in the *Martyne* case. The order should be affirmed, with ten dollars costs and disbursements. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur. Order denying motion to vacate attachment, to set aside service of summons and to dismiss complaint affirmed, with ten dollars costs and disbursements.

COATES HOLDING Co., INC., Plaintiff, v. MICHAEL YOCCARINO and Others, Respondents. BALDWIN BUILDING CORPORATION and ALBERT B. BROWN, Appellants; MILTON I. LIVY, Defendant.— In view of the decision in *Coates Holding Co., Inc.*, v. *Yoccarino* (*post*, p. 830), decided herewith, the motion to dismiss the appeal is dismissed, without costs. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of WILLIAM A. THOMAS, an Attorney and Counselor at Law.— Application denied and proceeding dismissed. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ.

In the Matter of HERBERT N. WARBASSE, an Attorney.■— Motion to resettle order of March 7, 1930, granted, and order resettled so as to provide that the suspension date from the date of the order. Present — Lazansky, P. J., Young, Hagarty and Tompkins, JJ.; Carswell, J., not voting.

LIFSHITZ BROS., INC., Appellant, v. AMERICAN STOVE COMPANY, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Stay continued for thirty days to enable appellant to apply to the Court of Appeals. Present — Lazansky, P.. J., Young, Kapper, Carswell and Scudder, JJ.

JOSEPH CAPONE, Appellant, v. PRINCESS HOLDING CORPORATION, Respondent.— Judgment reversed upon the law and the facts, and new trial granted, costs to abide the event. We are of opinion that the plaintiff made out a *prima facie* case upon the cause of action stated in his complaint. While there is a discrepancy between the testimony given by the plaintiff and his witness Keller as to the time $10,000 in cash was to be paid by Keller, this was not sufficient to justify a dismissal of the complaint. It was still for the jury to say whether the agreement between the parties was not as testified to by the plaintiff. The jury might say that Keller was mistaken and find that Capone's testimony was true, particularly as the giving of the check to Mr. Weber is strong evidence that an agreement had been arrived at between Keller and Weber; and the testimony of plaintiff's witness Kurte, to the effect that he had agreed to loan Keller $10,000 for thirty days upon Capone's guaranty, indicates that this money was required by Keller at the time the contract was to be drawn up, and so tends to corroborate Capone's version of the transaction. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.